

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson. Suite 700
Dallas. TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
uston. TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 24, 1986

Honorable Gerald W. Schmidt
Gillespie County Attorney
County Courthouse
Fredericksburg, Texas    78624

Opinion No. JM-485

Re: Whether an individual may serve simultaneously as constable and jailer

Dear Mr. Schmidt:

You inform us that an individual who had been working as a jailer at the Gillespie County jail became a constable in Gillespie County. You ask whether Texas law prohibits him from holding both positions simultaneously.

You advise us that the individual has worked as a jailer and has not been made a deputy sheriff. Although you do not explain exactly what his duties are as jailer, we assume that you use the term "jailer" as it is used in article 5116, V.T.C.S., which describes a jailer as someone who is in charge of a county jail but under the supervision and control of the sheriff.

We find nothing in Texas law that prohibits, as a matter of law, an individual from serving simultaneously as a constable and as a jailer.

The prohibition in the Texas Constitution against dual office holding prevents one person from holding more than one "civil office of emolument" at one time. Tex. Const., art. XVI, §40. The courts have held that a person holds a "civil office" for purposes of that provision if he exercises any sovereign function of government for the benefit of the public and is largely independent of others' control. Ruiz v. State, 540 S.W.2d 809, 811 (Tex. Civ. App. - Corpus Christi 1976, no writ); Tilley v. Rogers, 405 S.W.2d 220, 224 (Tex. Civ. App. - Beaumont 1965, writ ref'd n.r.e.); Aldine Independent School District v. Standley, 280 S.W.2d 578, 583 (Tex. 1955). A constable is a civil officer of emolument. Attorney General Opinion M-45 (1967). A jailer is not a civil officer of emolument because he is completely under the control of a sheriff. Thus, the constitutional prohibition against dual office holding does not preclude a constable from working as a jailer.

The common law doctrine of incompatibility prohibits one person from occupying two offices when one office may "thereby impose its

policies on the other or subject it to control in some other way." Attorney General Opinions JM-129, JM-133 (1984); see Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927, holding approved); State ex rel. Brennan v. Martin, 51 S.W.2d 815, 817 (Tex. Civ. App. - San Antonio 1932, no writ).

A sheriff has a statutory right of control over the jail in his county and over the jailers he employs. De la Garza v. State, 579 S.W.2d 220 (Tex. Crim. App. 1979); V.T.C.S. art. 5116. Consequently, once a constable brings a prisoner to the county jail, the constable loses jurisdiction over that prisoner. Attorney General Opinion V-1548 (1952). Thus, the control a sheriff exercises over a jailer does not invade an area in which the jailer also has powers and duties as a constable and the two offices are therefore not necessarily incompatible. As the court said in State ex rel. Brennan v. Martin:

> The duties of the two offices are wholly un-
> related, are in no manner inconsistent, are never
> in conflict. Neither officer is accountable to
> the other, nor under his dominion. Neither is
> subordinate to the other, nor has any power or
> right to interfere with the other in the perfor-
> mance of any duty. The offices are therefore not
> inconsistent or incompatible. . . .

51 S.W.2d 815 at 817. Although we cannot conclude that the positions of constable and jailer are legally incompatible, our opinion does not preclude the possibility that a particular jailer's duties would be incompatible with the office of constable, as a matter of fact. See Attorney General Opinion MW-415 (1981).

Finally, none of the information you have given us suggests either a conflict of interest under article 988b, V.T.C.S., or a violation of any other Texas law.

## SUMMARY

The constitutional ban on dual office holding does not prohibit someone from serving simultaneously as a constable and a jailer. The common law doctrine of incompatibility does not, as a matter of law, prohibit such a situation.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General